Trippe, Judge.
From the petition or declaration, the real plaintiff in this action is James B. Artope, as trustee for Mrs. McLaughlin and her children. By the death of Mrs. McLaughlin, one of the cestui que trust, it 'is plain that by the pleadings the action did not abate. It could lie continued and a recovery had for the use of the other beneficiaries in the trust, if the evidence showed that it was a trust of a joint, interest of the estate or there was the right of survivorship in the children. We say this is so from the pleadings. But on the death of Mrs. McLaughlin a motion was made to make her children parties in their own right, which the Court allowed. In support of the motion, a deed of trust was exhibited under which the right to the property in dispute is claimed, in which deed there was a trust created for the separate use of Mrs. McLaughlin, with power of disposition by will, and if she died without executing the power, then the property was to go to her children, and if she died without children, to her intended husband. The deed was executed in contemplation of marriage, by the parties to said marriage and the trustee. *There were no children at the time the deed was executed, and the remainder created was contingent, both because it was uncertain whether the power given would be executed, and if it were not, then the ulterior limitation could not take effect unless the beneficiary for life died without chil *403 dren. Here, then, was a trustee not only to protect the interest of a married woman, but contingent remainders. It is the duty, and may be said to be the first duty of a trustee to protect and defend the title to the trust estate: Perry on Trusts, section 328; and it is his duty to consult the interest of both the tenant for life and the remainderman: Perry on Trusts, 539. A trustee holds as much for the benefit and protection of remaindermen as for life tenant: Hill on Trusts, 384. These obligations resting on the trustee are so obviously right and proper that neither argument or authority is needed to show that they exist.
The application is plain. In this case the trustee not only had the right, but if the title to these premises be in him it was his duty to bring this action when it was instituted. If brought as trustee solely for the tenant for life, a recovery would have put him in possession — a possession he was bound to maintain — first for the life tenant, and at her death equally bound to turn over to the remaindermen. It is an action for a wrong done to the rights of both, to-wit: the party who had a particular beneficial interest, and to the rights of those who had the ultimate title; and as the duty resting on the trustee reached to each of these parties, he was bound to protect them against a wrong doer. If, then, the rights and interest of these children were so closely connected with the right of this trustee to recover the possession, insomuch that their right to the possession so recovered would have instantly accrued on the death of their mother, why may they not come in at her death and prosecute the suit and thereby accomplish the same result in their own names which, during her lifetime, would have been done in the name of the trustees ? Or why may not the trustee have new demises laid in the name of *those to whom he was thus bound, as the final beneficiaries under the very deed by which he claims as trustee?
It may be said if the trustee recover solely as trustee for Mrs. McLaughlin, he would only recover for a life tenant, whereas by the proposed amendment there may be a recovery of the whole interest absolutely. But is that true in such a sense as to affect the real merit of the question? We have seen that he is bound to defend and protect the title to the trust estate, to consult the interest of the remainderman and tenant for life, and holds for both. If so, whenever he comes into possession by suit or otherwise, it enures to the benefit of both.
It is true that in ordinary cases where the action is brought by the tenant for life, and he dies pendente, the suit can only be continued by his representative, and for mesne profits. But in such cases there is no relation whatever between that representative and the remainderman or reversioner so far as either title or possession is concerned; and therefore he cannot possibly have anything to do with the possession. Nor did the tenant for life sustain such relation to the title, or to other parties in interest, as does a trustee in a case like this, whose duty, or liability, or obligation is not fully determined by the death of the tenant for life, *404 even though that tenant be technically his only cestui que trust. We think the interests of all parties who have rights such as these children, would be better protected and enforced under the rule we lay down, than to require a suit in which, they were so nearly interested to be abandoned, and new proceedings instituted.
Judgment affirmed.