JOHN McNULTY *et al.*, plaintiffs in error, *vs.* SOLOMON MAR-
CUS, defendant in error.

1. The proper judgment against an administrator, in an action upon his ad-
ministration bond, at the suit of a creditor of the intestate, is *de bonis pro-
priis;* and that is the character of the judgment now in question, notwith-
standing it describes the defendant as administrator.

2. Though it does not appear, from the pleadings, or otherwise, that the plain-
tiff, as a creditor of the intestate, had obtained a prior judgment, *de bonis
testatoris*, before suing upon the bond, the judgment on the bond, against
the administrator alone, (his sureties not being parties) is not void; nor
will it, in the distribution of money raised from the sale of his property, be
postponed to judgments of younger date in favor of his personal creditors.

3. When the defendant and his counsel were present at the trial of a civil
action founded on contract, and the case was submitted to a jury, without
an issuable defense filed on oath, and the amount for which a verdict ought
to be rendered was, after the introduction of testimony, agreed upon by
counsel in open court, the verdict rendered in pursuance of such agree-
ment is not a nullity, but is equivalent to a confession, and will support a
judgment entered up by plaintiff's attorney in the usual form.

4. A docket entry of "settled," made by the judge, and not transferred to the
minutes, is no evidence of the terms of settlement; nor can any inference
be drawn therefrom, on the trial of another case, between other parties,
that the debt sued for was extinguished.

Administrators and executors. Judgments. Verdicts. Prac-
tice in the Superior Court. Evidence. Before Judge GIBSON.
Richmond Superior Court. April Term, 1876.

Levy, ordinary of Richmond county, for the use of Solo-
mon Morris, sued Michael O'Dowd, and the securities on his
bond, as administrator of E. H. Gray, deceased. The breach
of duty assigned was the failure of O'Dowd to pay certain
notes of one Berckman, indorsed by Gray. The securities
filed a demurrer for want of jurisdiction and misjoinder,
which was sustained, and the action dismissed as to them, but
proceeded as to O'Dowd.

O'Dowd filed no issuable defense on oath. There was an
admission, through his counsel, after examination of his ac-
count, of his personal liability to plaintiff for the amount of
$1,527 08, it being conceded that his intestate was indebted
to plaintiff on the notes set forth in the declaration, and that

from the amount collected, after payment of expenses and other claims in the course of administration, there was a balance due by him to plaintiff of $1,527 08, for which verdict was then taken by counsel. Plaintiff claimed the whole amount of the notes, to-wit: the sum of $2,000 00, with interest, which claim was resisted, on the ground that, having applied a part of the assets which had come into his hands, as administrator, to the payment of debts of the estate, he was not liable to creditors for the whole amount of said assets. This question, and what proportion of the assets which came to his hands should be applied to plaintiff's claim, were the issues before the jury. After the testimony of O'Dowd was in, and a calculation made by counsel on both sides, the amount was agreed to be that for which the verdict was accordingly taken.

On this verdict judgment was entered the same day against "Michael O'Dowd, administrator of E. H. Gray." Execution issued accordingly, and was returned September 25th, 1874, with an entry of *nulla bona.*

On September 26th, 1874, suit was instituted in Richmond superior court in favor of Levy, ordinary, for the use of Solomon Morris *vs.* O'Dowd, principal, and Primrose and Hallahan, securities, on the bond of Michael O'Dowd, administrator of E. H. Gray, in which is assigned as a breach of the bond, the failure to pay the judgment rendered against O'Dowd, administrator of E. H. Gray, June 11th, 1874. At April term, 1875, the docket shows, in the handwriting of the judge, that this case was settled.

The *fi. fa.* issued against Michael O'Dowd, administrator of E. H. Gray, was assigned April 13th, 1875, without recourse, to Solomon Marcus, and levied March 30th, 1876, on one gray horse and wagon, and the stock of goods in the store of Michael O'Dowd, in Augusta, Georgia. On April 7th, 1876, on the petition of Solomon Marcus, the goods were ordered to be sold by the judge of the superior court.

On April 14th, 1876, three *fi. fas.* in favor of McNulty and others against O'Dowd, issued under judgments of younger date than that under which the levy was made, were placed

McNulty *et al. vs.* Marcus.

in the hands of the sheriff, together with the usual notice to retain the money arising from the sale of the stock of goods. The sale did not realize sufficient to pay off the *fi. fa.* of Solomon Marcus, if valid.

On a motion to distribute, the judge held the *fi. fa.* valid, and ordered the money to be paid over to Marcus, to which ruling McNulty *et al.* excepted, and assigned error as follows:

1st. In considering any evidence other than the record which showed no plea to have been filed.

2d. In holding, under the facts admitted as to the trial, that there was such a defense filed or issue joined as required a verdict of a jury instead of an award, and that the same was binding.

3d. In holding that the court, under the allegations contained in the writ, had jurisdiction over O'Dowd, so far as to render a judgment against him, either individually or as administrator, which was valid as against other creditors.

4th. In holding that the verdict and judgment was a personal one against O'Dowd, and entitled to priority in the distribution.

5th. In holding that the second suit on the bond and the entry of "settled" on the judge's docket, in nowise affected the validity of the judgment.

To the usual certificate, the judge added the following explanation : " I only decided in this case that the court had jurisdiction, and a plea was unnecessary; that when defendants are represented in court by counsel, and a consent verdict taken, it is good and binding; that if the verdict and judgment rendered was against the administrator upon the admission of assets, it bound him individually, and that the judgment could be enforced against him personally. The entry of a subsequent suit, afterwards commenced against the principal and his sureties, as ' settled,' only affected the suit then pending, and unless payment was shown or to be inferred, the original judgment against O'Dowd was not affected thereby."

McNulty *et al. vs.* Marcus.

FRANK H. MILLER, for plaintiffs in error.

BARNES & CUMMING, for defendant.

BLECKLEY, Judge.

1. The bond given to the ordinary by an administrator for the faithful execution of his trust, is the personal contract of the administrator. A suit upon it must necessarily be against him personally, not against him in his representative character. To recover in the suit, a breach of the bond must be established; and a judgment for the plaintiff is conclusive evidence that a breach was established. The only judgment for the plaintiff, legally possible, is a judgment *de bonis propriis*. If, in writing it up, representative terms be added to the defendant's name, they are mere description of the person, and are utterly impotent to modify the legal effect of the judgment. The dismissal of the action as to the administrator's sureties, left it pending against him alone, but it was still on the bond, and on the bond, there was a recovery by the plaintiff as to the then sole defendant. In entering judgment against him, he was described as administrator, but that did not, and could not hinder it from acting directly upon his own property. There was no direction in the judgment that the sum recovered should be levied of the goods, etc., of the intestate, nor could such a direction have been legally incorporated.

2. There is no suggestion that the creditor for whose benefit the bond was sued to judgment was not a real, *bona fide* creditor of the intestate, or that the amount recovered was more than was his due. The judgment cannot be pronounced void because it does not appear that a prior judgment *de bonis testatoris* had been rendered, and a *devastavit* established. That was matter to be insisted upon in resistance to the action upon the bond. By not insisting upon it, the administrator waived it. By suffering judgment to go against him, in a suit upon the bond, he made the debt his own, as much as if he

had given his individval note for it, and then suffered the note to be sued to judgment without pleading want of consideration or any other defense. There being no fraud alleged, his creditors are bound, as well as himself. He is to be presumed to have submitted rightfully to the liability which the judgment imposes. The fair inference is that he had either wasted the assets of the estate, or still had them, to an amount sufficient to indemnify himself. The presumption of sufficient assets is raised by giving a note: 25 *Georgia Reports,* 242. Surely the presumption is much strengthened by suffering a judgment to be recovered on the administrator's bond. Besides, in this case, assets to the amount of the judgment were expressly admitted. It is to be borne in mind that the sureties upon the bond are not affected, the action as to them having been dismissed. The case thus stands clear of any conflict with 52 *Georgia Reports,* 35, even if it were conceded that otherwise conflict would exist.

3. In respect to the point that the judgment was based on the verdict of a jury, rendered in the absence of an issuable defense filed on oath, this case is distinguishable from that reported in 55 *Georgia Reports,* 475. In that case there was no consent by the defendant to the verdict or to a trial by jury. It was stated in the record of that case, or at least clearly inferable, that the trial was *ex parte,* and took place in the absence of defendant's counsel. Here, on the contrary, the defendant was present and was a witness, giving testimony to the jury. He was also represented by counsel, and the amount of the recovery was agreed upon. The verdict was thus matter of consent. There was an implied waiver of the defendant's right to have the court render a judgment without the intervention of a jury. To say the least of a verdict rendered under such circumstances, it is equivalent to a confession of judgment.

4. It seems that a second suit was commenced on the administration bond, after the first had terminated as above disclosed—that is, after dismissal as to the sureties, and after judgment against the principal. This second suit was en-

tered ·on the bench docket "settled," but the like entry did not appear on the minutes. A mere docket entry of "settled," cannot be relied on to extinguish a prior judgment for the same debt. The settled suit was, when brought, doubtless intended to reach the sureties on the bond, and if they or the principal paid any part or the whole of the debt to get that suit settled, the fact of such payment should have been proved. It is not to be inferred from the docket entry. The settlement of the second suit is entirely consistent with leaving the judgment already obtained in the first, unpaid and in full force. For this reason, the entry, if transferred to the minutes, would not, by itself, have established anything to the discredit of that judgment.

The result is, that the fund in controversy was properly disposed of.

Judgment affirmed.