John I. Hall, Judge, for use, etc., plaintiff in error, *vs.* Elias Woolley *et al.*, defendants in error.

An action against two survivors of three makers of a joint bond may be maintained, if the other maker be dead, and died insolvent, though the deceased maker was the principal and the two survivors the sureties on the bond, and though the bond was given by a trustee to manage a trust estate committed to his management by a court of chancery.

Trustees. Bonds. Parties. Principal and surety. Before Judge Hall. Rockdale Superior Court. March Term, 1877.

Suit was brought in the name of John I. Hall, judge of the Flint Circuit, for the use of T. W. Watkins, trustee, on the following bond:

" State of Georgia—Newton county.

" We, Pleasant B. Jones, as principal, and Francis M. Nix and Elias Woolley, securities, acknowledge ourselves held

and firmly bound unto John J. Floyd, one of the judges of the superior courts of said state, (and thereby one of the chancellors of said state,) and his successors in office, in the sum of six thousand dollars, subject to the following conditions: The condition of the above obligation is as follows: Whereas, said Pleasant B. Jones has been appointed (upon the application of the *cestui que trust*) trustee for Nancy Watkins (wife of Bennett Watkins, of said county) and her children, to hold for the separate use of the said Nancy, to be equally divided between her children at her death, the following property, to wit: One negro woman named Rena, and her child Sarah, and four hundred dollars; and also one equal share of the estate of Edward Nix, late of said county, it being one-eleventh part of said estate, after paying all the legacies bequeathed in the will of said Edward Nix. Now, should said Pleasant B. Jones well and truly do and perform all and singular the duties required of him as trustee as aforesaid, agreeably to his appointment and such as the law charges to him, and also well and faithfully account of and concerning his said trust, then this obligation to be void, otherwise of full force.

" This July 11, 1861.
    " [Signed]

                        " P. B. Jones, [L.S.]
                        " F. M. Nix, [L.S.]
                        " Elias Woolley, [L.S.] "

In addition to setting out the above obligation, the declaration alleged the following facts:

Judge Hall was Judge Floyd's successor. In 1873 Jones died intestate and insolvent; there is no representation of his estate. In 1874 Watkins was duly appointed and qualified as trustee. The bond sued on was broken in this: Jones received, as trustee, $2,500.00; but instead of applying it according to the trust, or making returns to the proper court, he kept it and applied it to his own use. Defendants refused to pay the sum so due.

By amendment a further breach of the bond was alleged

in this : F. M. Nix, executor of Edward Nix, was indebted to Jones, as trustee, $3,500.00, with interest from 1860, that amount being due for the use of the *cestui que trust* under the will of Edward Nix, deceased, in 1859. Jones failed and neglected to collect such debt, and it has never been collected, being so lost to the *cestui que trusts*, to the injury, etc.

On demurrer, the declaration was dismissed for non-joinder of Jones or his representative, and plaintiff excepted.

J. W. B. SUMMERS ; W. R. STANSELL ; A. B. SIMS, for plaintiff in error.

CLARK & PACE, for defendants.

JACKSON, Judge.

This was a demurrer to a declaration. A suit was brought in the name of John I. Hall, chancellor, for the use of Watkins, trustee, against the defendants, who were joint makers of a bond given by themselves and one Pleasant B. Jones to indemnify certain *cestui que trusts* if said Jones mismanaged a trust estate confided to him by a former chancellor. The declaration alleged that Jones was dead and died insolvent, and was brought against the survivors. The court sustained a demurrer to the declaration and dismissed the action; the plaintiff excepted, and the question is, was the suit maintainable against the survivors.

At common law, where one maker died the others could be sued, and that without stating the death of the other maker. 1 Chitty, 43 ; 15 Wendell, 318.

If so why could not this suit be maintained when the allegation is that the other maker is not only dead but died insolvent ? We see no reason why not.

It can make no difference that one was in reality the principal and the others the sureties; nor that it was a trustee's bond so far as we can see. It was payable to the chancellor, but if his name was used to go into a common

law court we can see no objection, especially when the same officer is the common law judge and the chancellor as with us in Georgia.

It is implied in our Code that such suit may be maintained. See Code, §§3444, 3386. There is nothing in 54 *Ga.*, 537, nor in 57 *Ga.*, 68, nor in any other Georgia case that we are aware of, which contravenes this ruling.

The reason why such an action could not be maintained before statute against the sureties on administrators', executors', and guardians' bonds was the necessity of showing *devastavit* and getting judgment against the representative first under the old law, but that rule does not now, and never did, apply to a trustee's bond like this is.

The statute was necessary as to that class of trustees, executors, etc,, etc., but not as to this class. Hence no mention is made of trustees in general.

Besides, no man is forced into equity if he can get along at law. Code, §5082.

Judgment reversed.