## DEAN, executor, *vs.* FEELEY *et al.*

1. Where pending a suit the plaintiff died, and an order was taken which recited that the death had been suggested of record, motion to make parties made and notice given to the opposite party, and which ordered the suit to proceed in the name of the legal representative of the deceased, objection to such order on the ground that the motion was not in writing, should have been made at the time; where the case proceeded to trial, and no objection was made until a second trial at a subsequent term, it was then too late to raise the point.

(*a*) In the present case, if there was any defect in the original order, it was cured by a motion in writing and order based thereon, made after the court had ruled the original order insufficient.

2. Where, pending an action of ejectment by a minor, she died, the action did not abate, but her legal representative could be made a party and proceed for the recovery of the land and *mesne* profits as well as costs.

3. Upon the death of a minor plaintiff in ejectment the declaration could not he amended by adding demises in the name of her guardian and legal representative.

Parties. Practice in the Superior Court. Ejectment. Administrators and executors. Before Judge FLEMING. Chatham Superior Court. December Term, 1880.

Reported in the decision.

JAS. ATKINS; JNO. G. CLARK; GEO. A. MERCER; R. E. LESTER, for plaintiff in error.

J. R. SAUSSY; CHISHOLM & ERWIN, for defendants.

SPEER, Justice.

This is a common law action in ejectment and for *mesne* profits.

John Doe declared on the demise of Mary L. O'Byrne, who, as a minor, was represented by her guardian, J. R. Dean. The suit was filed in office October 1st, 1875, and

stood for trial at the May term, 1876.   On the 7th day of
July, 1876, Mary L. O'Byrne died testate, having by her
will named J. R. Dean to be her executor.   During the
May term, 1877, her death was suggested and case con-
tinued.   During same term, on 2d July, 1877, on notice
to the defendants, an order was taken that the suit pro-
ceed in the name of J. R. Dean, as her legal representative,
said order reciting that she was a minor at her death, and
Dean being her guardian, and he also being the duly quali-
fied executor to her will.   Afterwards, on 26th February,
1878, the case came on for trial, both parties claiming
under the will of Lawrence O'Byrne.   A special verdict
was rendered by the jury and judgment had for the defend-
ants.   To this plaintiff excepted, and by writ of error
brought the cause here.   The judgment below was
reversed, and a new trial ordered by this court.   See 61
*Ga.*, 77.

The cause came on again for trial on 10th January, 1881,
in the court below, and when the pleadings were read to
the jury, counsel for defendants objected, as Mary L.
O'Byrne was dead, there was no proper party in whose
name the suit could proceed, denying that Jesse R. Dean
had been legally substituted in place of his testatrix by
legal operation of the order heretofore granted making
him a party.

The court sustained the objection and plaintiff ex-
cepted.

Plaintiff's counsel then "moved the court in writing,"
on due notice to defendants' counsel, that Jesse R. Dean,
executor of the said Mary L. O'Byrne, be made party
plaintiff in said cause, which order was allowed by the
court.

Thereupon defendants' counsel moved the court to dis-
miss the action upon payment of accrued costs, alleging
as a ground for this motion that there was no party to
the suit who could prosecute the case for any other pur-
pose than the recovery of costs, which motion the court
sustained and plaintiff excepted.

After the decision of the court was announced, but before the same was entered on the minutes or reduced to writing, counsel for plaintiff moved to amend the declaration by adding three distinct demises, one by Dean as guardian, one by him as administrator, by virtue of his guardianship, and one by him as executor of the will of Mary L. O'Byrne. The court refused the motion and plaintiff excepted.

1. The first ground of error assigned, is that the court erred in sustaining defendant's objection to the order of 2d July, 1877, making Jesse R. Dean a party plaintiff as the representative of Mary L. O'Byrne. It was sustained because " no motion in writing" was made by counsel for plaintiff preliminary to granting said order, as was required by section 3421 of the Code.

This section provides that "when a plaintiff or complainant in any cause, now or hereafter pending dies, the executor or administrator of such plaintiff or complainant may be made parties on motion, to be made in writing, of which defendants or their counsel shall have notice." While no such motion in writing appears on the record as contended for by counsel for defendant, yet it does appear that the death of Mary L. O'Byrne was suggested of record, and that a *written order* was taken and allowed by the court, and which order recited on its face " there was a motion and notice to defendants," and of which order counsel for defendants had notice, making said Dean a party plaintiff, and the same was entered on the minutes. Said order was taken without objection, parties made and said cause proceeded under it to trial, and by writ of error to this court, and the judgment below reversed. We think that it was the duty of defendants to have objected to said order at the *time it was offered*, so that the same might be amended, if any good objection they had ; and not having done so, and having proceeded to trial under it, they have waived any want of formality or regularity in the passing of said order. The order recites, "there

was a motion and notice to defendants," and this we are bound to hold was presumptively true, as the record imports verity; and after such a lapse of time defendants should not be heard to question it. Moreover, we are inclined to think the order in writing is a *substantial* compliance with the statute. 5 *Ga.*, 241 ; 43 *Ib.*, 280 ; Code 3587.

However this may be, we think the objection came too late, and the subsequent action of the court has relieved it of all difficulty by having Dean made a party according to the strictest construction of the statute, if such action was necessary.

2. The second and third grounds of alleged error are—

(1st.) That the court sustained the motion " to dismiss the action on payment of accrued costs," for the reason that there was no party to the suit who could prosecute the case for any other purpose than the recovery of costs.

(2.) That the court refused to allow the amendments of the new demises proposed by plaintiff in error.

We are satisfied that both of these questions were adjudicated and settled in this case, when it was before this court on a former writ of error. See 61 *Ga.*, 77.

The court then held " that the action did not abate on the death of Mary L. O'Byrne, who died testate." " That the first proper step to have been taken would have been (as has been done here) to make her legal representative a party, and a recovery could be had upon the declaration." This court did not mean a recovery alone " of costs accrued," but of the premises, *mesne* profits and costs, if the evidence was such as to authorize it.

So also as to the amendments proposed, the court held then that the allowance of these amendments was error, and we find from an inspection of the record they are identically the same which this court disallowed on the former writ of error, on the ground doubtless that said amendments were unnecessary in the state of the pleadings as shown by the record.

We hold, therefore, that these questions having been adjudicated when the cause was here, they are now determined and settled, and that the court below erred in dismissing plaintiff's suit on the payment of "accrued costs."

Code, §§3251, 3389, 3365 ; 4 *Ga.*, 120 ; 43 *Ib.*, 230 ; 55 *Ib.*, 253 ; 63 *Ib.*, 243 ; 53 *Ib.*, 498 ; 8 John, 507 ; 1 Salk, 8 ; 48 *Ga.*, 537 ; 61 *Ib.*, 77 ; 52 *Ib.*, 249 ; 62 *Ib.*, 604.

Judgment reversed.