70  572
f110 732

HADDOCK *et al. vs.* PERHAM, ordinary, for use, *et al.*

1. The laws of this state give a right of action against trustees and their bondsmen for breaches of their bonds, and courts of law have jurisdiction of such actions.

2. A testator bequeathed certain realty and personalty to a trustee to be held for his daughter's benefit, and "at her death to go to her children, and if she should die without children," then the property was to go to testator's heirs at law. The first trustee resigned, and a second was appointed and gave bond to the ordinary. This bond recited his appointment, stated the property received by him, and was conditioned for the faithful performance of "all and singular the duties required as trustee, agreeably to his appointment, and the law, and also well and faithfully to account of and concerning the said trust:"

*Held,* that this bond was not solely for the protection of the *cestui que vie* and her heirs, but was for the protection of the heirs of the testator as well, upon the death of the daughter without children. The duties of the trustee were not fully performed until he turned the property over to the beneficiaries in accordance with the terms of the trust; until then, his accountability for the property and its increase continued.

3. The recovering of a decree against the trustee is no bar to the right of the plaintiffs to resort to the bond given by the trustee and his sureties, to recover the money found to be due by the decree; and such decree is *prima facie* evidence against the sureties of the amount found to be due by the trustee.

4. Where, in an equity cause between the remaindermen and the trustee, certain property was awarded to the latter, and it was not sought to hold him responsible therefor, the delivery of such property to him did not work a discharge to the sureties, and a plea to that effect was properly stricken.

5. The will above stated did not create an estate tail, but an estate for the use of testator's daughter for life, then to her children in fee; but if she left no children, then it was to revert and pass in fee to such persons as might at that time be the heirs of testator.

6. After a demurrer had been properly overruled, pleas which set up no facts, but only repeated in effect the legal propositions embodied in the demurrer, were properly stricken.

7. The evidence not only authorized but required the verdict.

March 20, 1883.

Trusts. Actions. Wills. Estates. Judgment. Principal and Surety. Practice in Superior Court. New Trial. Before Judge HANSELL. Brooks Superior Court. November Term, 1882.

Reported in the decision.

W. C. McCALL; D. W. ROUNTREE, for plaintiffs in error.

W. B. BENNETT; KINGSBERRY & DENMARK, for defendants.

HALL, Justice.

James Hilliard, by item eight of his will (which after his death was duly proved and admitted to record), bequeathed to Henry G. Turner, in trust for testator's daughter, Arabella B., certain houses and other real estate situate in the town of Quitman, together with household and kitchen furniture, personal trinkets and attire, and a certain sum of money, to be held for her benefit, and " at her death to go to her children, and if she should die without children," then the property was to go to testator's " heirs at law." The will was executed and proved in 1872. Arabella B. Hilliard married L. F. Haddock, and soon after her marriage, Turner resigned the trusteeship of the property

vested in him by this will, and Haddock was appointed by the judge of the superior court of the southern circuit, accepted the appointment, and gave bond to the ordinary of Brooks county and his successors in office, with A. J. Rountree and W. H. Stanley as his sureties, in the sum of two thousand dollars, conditioned for the faithful performance of " all and singular the duties required as trustee agreeably to his appointment and the law; and also well and faithfully to account of and concerning the said trust." The condition of the bond recited his appointment, and specified, item by item, the property that went from the former trustee's into his hands.

Arabella B. Haddock died, leaving no child or children, and a portion of the heirs of James Hilliard who survived, and certain persons to whom a portion of the heirs had assigned their interest in this property, held in trust for her during her life, brought suit on the equity side of Brooks superior court against L. F. Haddock for the recovery of the property thus held by him in trust. Upon the trial of this equity case, the complainants had a verdict, and on that verdict and in accordance therewith, a decree was rendered and signed on the 9th day of November, 1881, by which they recovered all the real estate mentioned in the 8th item of James Hilliard's will and two hundred dollars, as rent accrued since the death of Arabella B. Haddock. The real property recovered by this decree was turned over to the complainants by L. F. Haddock, the trustee, and failing to pay the money thereby found against him, execution issued for the amount, on which the sheriff returned *nulla bona;* and thereupon the ordinary, for the use of the plaintiffs in said execution, instituted a suit against said L. F. Haddock, then of Houston, and A. J. Rountree and William H. Stanley, of Brooks county, in the superior court of said last mentioned county, upon their bond, executed on Haddock's appointment as trustee, for the recovery of the unpaid portion of the said decree. The defendants to this last suit appeared at the

return term thereof and filed a demurrer in writing thereto, upon the grounds following:

(1.) The superior court of Brooks county has no jurisdiction in the case.

(2.) The superior court of Houston county has jurisdiction.

(3.) Courts of common law have no jurisdiction in such cases.

(4.) Courts of equity have jurisdiction over trustees and their bondsmen.

(5.) The laws of Georgia give no right of action against trustees and their bondsmen.

(6.) Because such bonds are given only for the benefit of the *cestui que trust* and her heirs.

(7.) Plaintiffs have no right of action upon the bond.

(8.) Bondsmen are not liable for rents, issues and profits after the death of life tenant.

(9.) Because, as shown by plaintiff's declaration, said cause has been fully adjudicated.

(10.) Plaintiffs are not the heirs or successors of Arabella B. Haddock, and do not allege themselves to be such, but are the heirs of James Hilliard, as they allege.

This demurrer was overruled by the court, and the defendants filed a bill of exceptions *pendente lite* to the judgment overruling the same; thereupon they pleaded the general issue and a special defence on behalf of the sureties, that they were released, because, after their liability had accrued, plaintiffs turned over to Haddock divers articles of personal property embraced in the 8th item of James Hilliard's will, and valued at seven hundred dollars. This last plea was, on motion, stricken by the court. They then went to trial upon the general issue, and certain special pleas containing the substance of the matters set forth in the demurrer which had been overruled, and a further plea was also filed, that by the terms of the 8th item of James Hilliard's will, an estate tail was created in Arabella to the property thereby bequeathed; and this was likewise

stricken by the court. The jury returned a verdict for the plaintiff for two hundred dollars, and interest on that sum from the date of the decree.

Judgment was entered up on this verdict, and a motion was made for a new trial upon the usual grounds, that the verdict was contrary to law and evidence, and that the court committed error in relation to the several rulings above specified. This motion was overruled and a new trial refused; whereupon the defendants brought the case here by bill of exceptions.

In the argument here, several of the errors assigned were abandoned, as those relating to the jurisdiction of the superior courts of Brooks and Houston counties.

1. That courts of law have jurisdiction of this case, see 59 *Ga.*, 755, which covers the point precisely, and shows beyond question that the laws of this state do give a right of action against trustees and their bondsmen.

2. It is a mistake to suppose that the bond in this case was given solely for the protection of the *cestui que vie* and her heirs, and that the plaintiffs who were the ultimate remaindermen, after she had died without issue living at her death, had no right to any action thereon for the protection of their interests, or that they were debarred from recovering the rents, issues and profits received by Haddock after his wife's death, he having possessed himself of the property as her trustee. 48 *Ga.*, 537; 41 *Ib.*, 426. " The duties of the trustee are not fully performed until he turns the property of the trust over to the beneficiaries, dividing it among them as required by the deed of trust." 44 *Ga.*, 644. Until this is done, the trust, so far as the accountability of the trustee for the property and its increase is concerned, is not at an end. It would be strange, if there were no power in the courts to compel a recusant trustee to perform this essential duty, or to enforce the undertaking of those who had become responsible for his discharge of the obligation. 58 *Ga.*, 284, 285.

3. We cannot agree to the proposition that the decree,

fixing the liability of the trustee, is a bar to the right of the plaintiffs in this suit to resort to the bond given by the trustee and his sureties, to recover the money found to be due to them by the decree. It may be true that the decree is not conclusive against the securities, as to the amount found to be due from the trustee, but it is *prima facie* evidence of the fact. 57 *Ga.*, 507.

4. The plea of the sureties setting up their discharge because the trustee was allowed to retain certain personal property, was properly stricken, because the decree in the equity cause, as set out in the declaration, awarded that property to him, and the suit did not seek to hold him responsible therefor, and because it is difficult, if not impossible, to understand how the facts set forth in that plea could injure them, increase their risk, or expose them to greater liability, even if they had been, as they certainly were not, the acts of the plaintiffs. Code, §2154.

5. There is nothing in the objection that the 8th item of Hilliard's will created an estate tail in the property bequeathed to Mrs. Haddock for life, and at her death to her children, and if she died without children, then over to testator's legal heirs. The estate created was one in Mrs. Haddock for life, and then to her children in fee, but if she left no children, then it was to revert and pass in fee to such persons as might at that time be the heirs of testator, *i. e.*, perhaps in this instance his residuary legatees. 58 *Ga.*, 259; 30 *Ib.*, 638.

6. There was no error in striking the other pleas; they set up no facts, and were only a repetition of legal propositions embodied in a demurrer, which, as we have seen, was properly overruled.

7. The plaintiffs made out their case, when they had shown the trustee's indebtedness to them and his failure to pay, as was done by the decree rendered in the equity cause, the execution issued thereon, and the sheriff's return of *nulla bona.* The defendants offered no testimony in

opposition, and the evidence was such as not only to authorize but to require the verdict returned.

Judgment affirmed.