STATE OF GEORGIA, for use, etc., *v.* GORMLEY, superintendent of banks, *et al.*

No. 12240. MAY 11, 1938.

*J. A. Hixon* and *Hollis Fort,* for plaintiff.

*M. J. Yeomans, attorney-general, Dave M. Parker, George C. Palmer, Foley & Chappell, G. C. Thompson, Bryan, Middlebrooks & Carter,* and *Marlin, Marlin & Snow,* for defendants.

RUSSELL, Chief Justice. Certain persons, alleging that they were depositors in the Bank of Talbotton at the time it was taken over for liquidation by the State superintendent of banks on March 2, 1933, filed a petition in Talbot superior court, in the name of the State of Georgia for their use, against R. E. Gormley and the United States Fidelity and Guaranty Company, as principal and surety respectively on a bond given to the State of Georgia on December 31, 1931. This bond recited: "Whereas the above-bound R. E. Gormley has been duly appointed Superintendent Banking Department, State of Georgia, for four-years term beginning January 1st, 1932, and ending January 1st, 1936: Now, therefore, the condition of the obligation is such, that if the said R. E.

Gormley shall well and faithfully perform all the duties of his said office, then this obligation to be void; otherwise to remain in full force and effect." Petitioners allege various breaches of said bond by Gormley as superintendent of banks, in his supervision of the Bank of Talbotton before it was taken over for liquidation, as well as thereafter, and that as a result thereof said depositors sustained certain losses. The prayer was "that a finding and an adjudication, judgment, and decree of this honorable court be had in petitioner's favor, for the reasons stated, against the said R. E. Gormley, and the said United States Fidelity and Guaranty Company as surety on said R. E. Gormley's official bond as superintendent of banks, in the just and full amount of their respective claims as herein alleged," etc. General and special demurrers were filed by the defendants, one ground of demurrer being that it appeared from the petition that the superior court of Talbot County was without jurisdiction of the defendant. The petition was twice amended, and the demurrers were renewed. The court sustained the demurrers and dismissed the action, and the plaintiffs excepted.

In the view we take of this case it is unnecessary to set out in detail the various acts alleged to have been done by the superintendent of banks in violation of the terms of the bond sued on. One ground of the demurrer was that it appeared on the face of the petition that the superior court of Talbot County was without jurisdiction of the case. It is alleged in the original petition: "That R. E. Gormley was duly appointed . . State superintendent of banks, and he qualified as such superintendent and assumed the duties of his said office on the first day of January, 1932, and has continued in said office since said date. . . That said R. E. Gormley for the transaction of business as superintendent of banks for the State of Georgia has, as provided by law, an office and place of business at the Capital of the State of Georgia, maintaining the same as regulated by the statutes of the State. . . That the United States Fidelity and Guaranty Company is a non-resident chartered corporation, organized and doing business under the laws of the State of Maryland, . . engaged in the business in said State of Georgia of going surety on the bonds of . . bank officials, and other like undertakings, . . and having for the prosecution of said business an office, an agency,

and an agent in the City of Atlanta, County of Fulton, State of Georgia, whose name is William A. Smith, located at 511 Candler Building. . . Wherefore it is alleged and submitted that each of said defendants are within the jurisdiction of this honorable court, and amenable to all of its processes, orders, judgments and decrees; made so by the provision of law as contained in the Acts of the Georgia legislature of 1927, page 206." By amendment it is alleged: "Plaintiffs amend paragraph one of their petition by adding at the end of said paragraph the words as follows: 'Said Bank of Talbotton, up to its failure on March 2, 1933, and since its said failure has been in process of liquidation, and is now being liquidated by R. E. Gormley, superintendent of banks for the State of Georgia, and the cause of action herein brought arises out of the liquidation of said Bank of Talbotton so operated and now being liquidated in the City of Talbotton, County of Talbot, State of Georgia." As appears from the above, the plaintiffs contend that by reason of the cited act of 1927, the superior court of Talbot County has jurisdiction of the defendants in this case. That act is embodied in the Code as § 13-809, as follows: "Venue of suits against superintendent; service.—All suits against the superintendent of banks, arising out of the liquidation of insolvent banks, shall be brought in the county in which such bank had its principal place of business, and service may be had on the superintendent by serving such suit and process on the liquidation agent in charge of the affairs of the said bank, or, if there be none, on any former officer of said bank: Provided, however, that in all such suits a second original shall be served on the superintendent of banks."

We are of the opinion that the Code section quoted applies only to actions brought against the superintendent of banks as such officer. This action was one against R. E. Gormley personally, and the surety on the bond which he gave, conditioned upon the faithful performance of his duties as superintendent of banks. We think the principle stated by Judge Bleckley in *McNulty* v. *Marcus,* 57 *Ga.* 507, 510, is equally applicable to a suit of the nature of that now before us. "The bond given to the ordinary by an administrator for the faithful execution of his trust is the personal contract of the administrator. A suit upon it must necessarily be against him personally, not against him in his repre-

sentative capacity." The case now before us is in equity, being brought by "the State of Georgia, suing for the use and benefit of" named persons "who were depositors in the Bank of Talbotton at the date of its failure, . . and all others who are circumstanced, conditioned, and similarly situated as depositors in said Bank of Talbotton." It is prayed "that a finding and an adjudication, judgment, and decree of this honorable court be had in petitioners' favor, for the reasons stated, against the said R. E. Gormley, and the said United States Fidelity and Guaranty Company as surety on said R. E. Gormley's official bond as superintendent of banks." It is not alleged in the petition where R. E. Gormley resides, and it is stated that the surety company is a nonresident of this State, with an office and named agent in Fulton County; so it is plain that unless § 13-809 gives jurisdiction of the action to the superior court of Talbot County, an affirmance of the judgment dismissing the action, regardless of other grounds of demurrer, would be required by reason of the court's lack of jurisdiction, as asserted by one ground of the demurrer. By an amendment of the demurrers it is alleged that "jurisdiction in Talbot County and in this court is asserted and claimed by reason of the act of the General Assembly . . which said act is unconstitutional and void in part, and particularly section 15-A thereof [Code, § 13-809], because it is contrary to and in conflict with, and in contravention of, the provision of the constitution of this State contained in article 6, section 16, paragraph 3, which provides that equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." It is unnecessary to discuss the constitutional question thus sought to be raised, since we do not construe the statute attacked as conferring on the courts of a county where the superintendent is liquidating a bank jurisdiction of a personal action against him.

It is provided in the Code, § 13-322 : "The costs of any suit or proceedings by or against the superintendent of banks shall be taxed by the judge of the superior court in which such suit is brought either against the opposite party to such suit, or against the bank concerning which the suit is brought, or against the superintendent, in which latter event such costs shall be paid as other expenses of the Department of Banking are paid." It could hardly be contended that in a suit such as that now under consideration

the costs against the defendant Gormley should "be paid as other expenses of the Department of Banking are paid." See, in this connection, Adair *v.* Bank of America National Trust and Savings Assn., U. S. Supreme Court, decided Feb. 28, 1938. The court did not err in sustaining the ground of demurrer relating to jurisdiction, and in dismissing the action.

*Judgment affirmed. All the Justices concur.*