CRABTREE, ordinary, for use, *vs.* GRAHAM *et al.*

1. When a court of competent jurisdiction has determined that a claim against an estate is barred, and such judgment has not been reversed or set aside, the administrator cannot do anything thereafter which will revive such claim as a debt against the estate, or render his sureties liable because of his failure to pay the debt. If he do acknowledge such claims and pay them, he and his sureties are nevertheless liable to the proper distributees for the money of the estate so applied.

2. Claims which the administrator held in his hands, as attorney at law, at the time he took out letters, which have never been paid, and as to which there is no liability on him to pay, the creditors to whom such claims belonged being barred by the statute of limitations of any right against him either as attorney or administrator, are not such claims as he or his sureties are entitled to credit for in a suit upon his bond by the ordinary for the use of the distributees of the estate.

May 11, 1888.

Administrators. Statute of limitations. Before Judge FAIN. Dade superior court. March term, 1887.

Reported in the decision.

W. U. & J. P. Jacoway and R. J. McCamy, for plaintiff.

E. D. Graham, McCutchen & Shumate, Dabney & Fouché and Lumpkin & Brock, for defendants.

Blandford, Justice.

It appears from the record in this case that, in 1866, Graham was appointed administrator of Derryberry. At the time of his appointment as administrator, he had in his hands as an attorney at law, for collection, divers claims against Derryberry. At the time the present action was brought, none of these claims had been paid, and all of them were barred by the statute of limitations. In Derryberry's lifetime, judgment had been obtained against him upon certain claims by Allison, Anderson & Co. After his death an attempt was made to revive this judgment by *scire facias;* which proceeding was dismissed, upon the ground that affidavit of the payment of taxes was not filed by the plaintiff; and the case having been brought to this court, the decision of the court below was affirmed. *Scire facias* was again sued out, and a demurrer thereto was again sustained, upon the ground that the debt due upon the judgment was barred by the statute of limitations. A motion was made to set aside this judgment dismissing the *scire facias,* but no action was ever taken thereon. A motion having been made to make Graham a party, as administrator of Derryberry, Graham came in and voluntarily consented to be made a party to the judgment. This judgment and the claims in Graham's hands against Derryberry above referred to would, if paid, have consumed all the money in his hands as administrator. As already stated, they were

not paid at the time the present action was brought. This action was brought against Graham and his sureties by the ordinary, for the use of the heirs at law of Derryberry, alleging a *devastavit* on the part of Graham in not paying over to them their distributive part of the estate. The case was submitted to the court without the intervention of a jury; and the court decided in favor of the defendants. The plaintiff thereupon excepted, and brought the case to this court for review.

In the case of *Bennett, ordinary, for use, vs. Graham, administrator, et al.*, 71 *Ga.* 211, this court held that the judgment in favor of Allison, Anderson & Co. against Graham, as administrator, bound him absolutely, but was not conclusive against his sureties; that his having been made a party to that judgment did not bind them, but bound him only; that the claim of Allison, Anderson & Co. was not a subsisting debt against the estate, and Graham was not required to pay it, the judgment of the court declaring the same barred by the statute of limitations not having been reversed or set aside; and hence the sureties, being bound only for the faithful discharge of his duties as administrator according to law, were not liable for the non-payment of this debt by the administrator, thus declared barred by the court.

1. It is insisted here that Graham, being liable as administrator, may retain out of the money in his hands as administrator sufficient to pay this claim. We do not think so. It is not a debt against the estate. A court of competent jurisdiction so determined, and determined it at the instance of the administrator himself; and Graham has no power to revive, by any act of his, that judgment as a debt against the estate. An administrator may revive a debt against his intestate which becomes barred after the death of the latter, and his ac-

tion in regard thereto is binding upon the heirs and the sureties upon his bond as administrator. But when a court has determined that a claim is barred, and the holding of the court has not been reversed or set aside, the administrator cannot thereafter do anything which will revive such claim as a debt against the estate, or render his sureties liable because of his failure to pay the debt. The judgment of Allison, Anderson & Co. is out of the way, so far as this estate is concerned.

2. The claims which Graham had in his hands as an attorney at law, at the time he took out letters of administration, have never been paid, and there is no liability upon him to pay any of them; these creditors are barred of any right against him as an attorney at law or as administrator of this estate. Therefore the assets in Graham's hands as administrator, which would have gone to pay these debts if they had been good debts, ought now to be in his hands to be accounted for and paid over to the heirs at law; and for that purpose the sureties on his bond are bound. They are bound for his faithful administration of the estate; and are therefore bound to see that he pays over to the heirs at law the money in his hands, as administrator, not required to pay the debts of the estate. We think Graham is liable to the usees of the plaintiff in this case, the heirs of Derryberry, for the money in his hands at the commencement of this suit belonging to the estate; and that the court below erred in the judgment rendered in this case. The judgment is reversed and a new trial ordered.