No. 46.—LEROY NAPIER, plaintiff in error, *vs.* JOHN NEAL, defendant in error.

[1.] An exemplification of the record of a case, under the hand and seal of the clerk, exhibiting, among other things, the assignment by the plaintiff of the writ of *fieri facias*, is admissible in evidence to prove the transfer.

[2.] It is not necessary to give notice of the first suit, in order to recover over against the security or other party ultimately liable; with notice, the former judgment is conclusive; without it, *prima facie* evidence only of liability.

Assumpsit. From Bibb Superior Court. Tried before Judge FLOYD. May Term, 1847.

For the facts of the case, and the errors alleged, &c., the reader is referred to the decision delivered by the Supreme Court.

POWERS & WHITTLE, for the plaintiff in error.

JOHN J. GRESHAM, for the defendant in error.

MR. GRESHAM argued—

1. The *fi. fa.* against Sentill having been satisfied and returned to the office whence it issued, became an office paper, was not the

property of the plaintiff in the case below, and was beyond his control. It could not be produced by him, nor could the clerk be compelled to produce it under a subpœna *duces tecum.* The exemplification of that *fi. fa.* with the entries thereon, was the highest evidence within the power of the party to produce.

2. The transfer from Napier to Neal having been entered on the *fi. fa.*, became a part of it, and must regularly have been recorded with it, as well as the entries of the sheriff or attorney of record. If the defendant below had denied the genuineness of the transfer, he should have litigated that matter in the Court in Merriwether. He has, otherwise, been remiss, in permitting a party to control the *fi. fa.* to whom it did not belong.

3. A judgment may be introduced as against others than parties, to prove the quantum of damage, or by way of inducement. This judgment in Meriwether is the judgment of a court of sole jurisdiction over the subject matter. It is conclusive upon the parties, and is here introduced to prove the quantum of damage. 4 *Term R.* 590; 3 *Phil. Ev.* 817, *notes*; 9 *Mass. R.* 1,4; 1 *Greenl. Ev.* 592, 597.

4. The subsequent proceedings on the affidavit of illegality, in the case in Meriwether county, were carried on as appears by the record, in the name of Napier, and he is bound by them, without notice.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Leroy Napier recovered judgment in Meriwether Superior Court, against one Joseph Sentill, on a promissory note for $3,480 principal, and $475 60 interest—the note having been drawn to bear interest from the date if not punctually paid. The judgment included the *back* interest. Napier transferred the execution to Neal, the assignment being indorsed on the *fi. fa.* for the full amount appearing to be due thereon. Neal some time thereafter undertook to enforce payment, when Sentill, the defendant, made an affidavit of illegality, upon the ground that the judgment was entered up for two hundred and eighty-six dollars and fifteen cents too much—that being the amount of the back interest—and the Court decided that there was error in the execution, and it was accordingly abated to that extent. Neal now sued Napier, in an action of assumpsit, to recover back from him, the sum which he had thus lost; and upon the trial, offered in evidence an exemplification of

the record of the proceedings in the case of Napier against Sentill, including the illegality and the assignment, and here concluded his testimony. It was objected on the part of Napier, that the transfer could not be proven in this way; and that this record could not be evidence against him, he not having been notified of the pendency of the proceeding of illegality. The Court overruled the objections, and thereupon Napier's counsel excepted.

[1.] As to the mode of proving the assignment, the question is not free from difficulty. The original writing would seem to be the best evidence of the fact, if in the power or control of the plaintiff. But he has not, neither is he entitled to, the custody of it. It is indorsed upon the execution itself, which has been returned, or it should have been, to the clerk's office whence it issued, and to which it properly belongs, as a part of the proceedings in the cause. In this respect it differs from a note and other private instruments, which, when used in evidence, are, or may be, still retained in the possession of the party. It is the custom, I know, to file notes which are sued on in the clerk's office. In the courts of the United States, this is not ever permitted. This assignment might have been made in a separate paper, but Napier himself elected to indorse it upon the process of the court. This process, or writ of *fieri facias,* is not presumed to be, and in reality never should be, in the possession of either the plaintiff or his assignee. It of right belongs to the ministerial officer whose duty it is to execute it, and when it has performed its functions, it should be returned by him to the clerk's office, in order that the record of the case may be perfected. This has been done in the present instance, and we do not readily perceive how this assignment could have been procured by Neal. The act of 1811, amended by that of 1830, but not perhaps either superseded or materially altered, except as to the form of attestation, makes authentic as evidence before any court of law or equity in this State, the certificate, under his hand and seal, of any public officer, either of the State or of any county, to any copy or transcript of *any* record, *document* or *paper* of file in the respective offices under their control or management, or to which they may be lawfully attached. *Prince* 215, 220. The language of these statutes is exceedingly broad. It is true that the right is reserved, and very properly, to the courts, of requiring the production of the originals, or accounting for them should the ends of justice make it necessary; otherwise this proof is deemed sufficient. The act of 1823, *Prince* 217,

expressly authorizes the courts to receive in evidence the certified copies of official bonds, in suits against executors, administrators, and guardians, .or any other public officer and their securities, unless the same shall be denied on oath. Had Napier pleaded *non est factum* to the assignment, the Court, no doubt, under the power reserved to it by the acts of 1811 and 1830, would have ordered the original to have been produced or accounted for. It is the daily practice of all our courts to allow the entries of officers, parties and attorneys, upon the process of the Court, to be established in this manner; and to exact original proof in all cases would, to say the least of it, be attended with extreme inconvenience.

Besides all this, the evidence of Sentill himself, offered by Napier, would entitle Neal to recover in this equitable form of action to which he has resorted. This witness swears, that Neal paid to Napier the whole amount apparently due upon the *fi. fa.*, and he likewise testifies to the loss of the back interest; and inasmuch as Napier impliedly warranted the *title* of the debt which he sold, the recovery over against him for the loss, was good, even in this view of it.

Upon the other ground also, we coincide with the Court [2.] below, in holding, that no notice was necessary of the pendency of the illegality in Meriwether county, in order to make out a *prima facie* case of liability on the part of Napier. The judgment of that Court, having competent jurisdiction of the subject, was presumptive evidence at least of the matters therein established; Napier might have contested them, but he did not see fit to do so. *See Brown* vs. *Chaney*, 1 *Kelly* 410. Besides, Napier himself was a party to the record in this very proceeding; it was conducted in his name; and there are very few exceptions to the rule, that the party on record is responsible for whatever is done in his name, although some other person may be beneficially interested in the subject matter.

Let the judgment below be affirmed.