No. 62.—JAMES S. BRADWELL, Ordinary of the County of Liberty, plaintiff in error, *vs.* MARY SPENCER, administratrix of William Spencer, deceased, defendant.

[1.] A judgment which is rendered by a Court having jurisdiction of the cause and the parties, binds the parties until set aside, notwithstanding the existence of irregularities in the proceedings previous to the judgment, provided those irregularities are such as may be waived by parties.

[2.] A judgment against the principal is *prima facie*, but not conclusive evidence against the surety.

Debt, in Liberty Superior Court. Tried before Judge FLEMING, April Term, 1854.

This was an action on a guardian's bond, brought against the administratrix of William Spencer, the security on the bond, for a *devastavit* of Samuel Spencer, the guardian.

On the trial the plaintiff offered in evidence a decree of the Superior Court of Liberty county, rendered on the 5th day of December, 1848, upon a bill filed by Monroe McIver, by his guardian, Henry M. Stevens, complainant, against Samuel Spencer, defendant, who was the guardian of said Monroe Mc-Iver, charging the said Samuel Spencer with waste and *devastavit* of the estate and effects of the said Monroe McIver, his said ward. Upon which bill a rule of Court was taken, referring the said case to arbitration, and directing that the said award of the said arbitration should be entered up as the judgment and decree of the Court; which evidence was offered to prove the *devastavit* and indebtedness of the said Samuel Spencer, guardian to his said ward, Monroe McIver; to the admission of which testimony the defendant objected and insisted that the same ought not to be admitted. A certified copy of the bond of said Samuel Spencer, as guardian, and of the said decree, the original bill, rule of reference to arbitration and award rendered, are herewith annexed. The plaintiff insisted that said evidence ought to be admitted on the trial of said issue, on the following grounds:

1st. Because a judgment or decree rendered against a guardian, establishing a *devastavit* or amount of indebtedness against the guardian, in favor of the ward, is admissible *prima facie* evidence in an action on the guardian's bond, against his security on the bond.

2d. Because the defendant could not go behind the decree for the purpose of inquiring into the regularity of the decree, or the award on which said decree was founded and rendered. And the Court did over-rule said motion and excluded the testimony, on the ground that the rule of Court referring the said case in Equity to arbitration, required the award to be taken and returned into Court at least thirty days before the next term of Court; and it appearing from the date of the award that it had not been returned into Court thirty days

before the then next term, the decree was irregularly taken and entered up, and could not be admitted in evidence.

The plaintiff then offered to prove by parol that the said decree was rendered with the knowledge and assent of the said Samuel Spencer, which motion the said Court over-ruled, and refused the said testimony, and did exclude the same. Wherefore, the said plaintiff closed his case and the said defendant moved for a non-suit, which the said Court accordingly ordered.

On which decisions error is assigned.

LAW & BARTOW, for plaintiff in error.

WARD & OWENS for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] Any judgment which is rendered by a Court that has jurisdiction of the cause and the parties, binds the parties until set aside, notwithstanding the existence of irregularities in the proceedings, previous to the judgment, if those irregularities are such as may be waived by parties. (*Rogers vs. Evans*, 8 *Ga. R.* 145. *Tucker vs. Harris*, 13 do. 10.)

The decree in question in this case, was rendered by a Court which had jurisdiction of the cause and the parties.

The rule of Court, referring the cause to arbitration, did not deprive the Court of jurisdiction of the cause—did not put the cause out of Court. On the contrary, the rule in terms retained the cause in Court, for it provided that something was to be done in the cause in the Court after the time of the reference, namely : that the award was to be returned to the Court, and by the Court be made the judgment of the Court.

Nothing of this sort could be done in a cause not in Court—in a cause over which the Court had no jurisdiction.

Indeed, the cause would not have been put out of Court, by the reference, even if in the order of reference itself, there had not been this express retention of the cause. A *general* reference under an order of Court, does not have the effect to put the referred case out of Court. That effect is prevented,

both by the Statute of 1799 and by the old law—the law which we adopted by the Act of 1784.   The 30th section of the Act of 1799, is in these words, in part : "In all matters submitted to reference by parties in a suit under a rule of Court, or other agreement signed by the parties, judgment shall be entered up by the party in whose favor the award is given, and execution shall issue for the sums awarded to be paid, as they respectively become due, and to be levied on the property of the party against whom the judgment shall have been entered up; and such other proceedings shall be had thereon by the Court, as in cases of judgments entered up on verdicts of Juries".   According to these words, a Court no more loses jurisdiction of a cause by committing it to arbitrators, than it does by committing it to a Jury.

This Statute applies to Courts of *Law ;* still, it governs Courts of Equity, for it is the business of Equity to follow the Law.

And the law of our adoption is not different, in this respect, from the Statute.   By that law, the jurisdiction of causes, whether they be pending in Courts of Law or Courts of Equity, is not lost by a reference of the causes to arbitration.   (*Russel on Arbitrators,* 688, 4, 5, 6.)

The Court, then, rendering this decree, had *jurisdiction* of the cause and of the parties.

The decree, however, was preceded by an irregularity.

The award on which it was founded had been ordered to be returned to Court thirty days before a particular term ; whereas, in fact, it had not been returned thirty days before that term.   Was the decree good until set aside, notwithstanding this irregularity ?   It was.   The time for making an award may be enlarged by *consent* of parties—by consent, either express or implied.   (*Russell on Arb.* 141.)

This irregularity, therefore, was one which the parties might waive.

It follows, from the general principle first laid down, that the decree was good until set aside.

[2.]  But a decree or judgment which binds the principal, is

*prima facie* evidence against the surety. *(Bryant, guardian, &c. and others vs. Pye,* 1 *Kelly,* 355.)

This decree bound Samuel Spencer, who was a party to it, and he was the guardian and the principal in the guardian's bond; and William Spencer, the intestate of Mary Spencer, the administratrix, was the surety of Samuel on that bond.

The decree, therefore, was *prima facie* evidence against her.

And so it seems that the Court below was wrong in not admitting the decree in evidence.

There ought, therefore, to be a new trial—and as on that the decree will be admitted as evidence, it becomes unnecessary to decide the question whether the parol evidence offered to render the decree admissible, was itself admissible.