BENNETT, ordinary, for use, *vs.* GRAHAM, administrator *et al.*

1. A judgment making an administrator a party defendant to a judgment against his intestate, bound him absolutely, and was *prima facie* good against his sureties, but not conclusive against them

2. The sureties on an administrator's bond only bind themselves for the faithful discharge of the duties of the administrator as required by law. They do not bind themselves that the administrator shall pay a claim which has been adjudicated by a court of competent jurisdiction to have no existence against the estate represented by the administrator. To pay such a claim is not required by law, and hence is no part of the obligation of the sureties.

February 9, 1884.

Administrators and Executors. Principal and Surety. Judgments. Before Judge FAIN. Dade Superior Court. March Term, 1883.

Reported in the decision.

Bennett, ordinary, for use, *vs.* Graham, administrator, *et al.*

W. N. & J. P. JACOWAY; R. J. McCAMY, for plaintiff in error.

DABNEY & FOUCHE; McCUTCHEN & SHUMATE, for defendants.

BLANDFORD, JUSTICE.

At the March term, 1861, Allison, Anderson & Co., recovered two judgments against Milton Derraberry. On the 8th of July, 1866, Derraberry having died, E. D. Graham was appointed his administrator, he having executed his bond with security, for the administration of Derraberry's estate. Thereafter Thomas Anderson, as surviving partner of the firm of Allison, Anderson & Co., sued out *scire facias* to revive the judgment recovered against Derraberry ' which was served on Graham, the administrator. Thi- proceeding was dismissed, upon the ground that affidavit of the payment of taxes was not filed by plaintiff. This was in 1872. Afterwards, during the same year, *scire facias* was again sued out to revive this judgment, which was demurred to, and the demurrer sustained, upon the ground that the debt due on the judgment was barred by the statute of limitations. This judgment was obtained in March, 1873.

In 1879, Thomson sued out another *scire facias* to make Graham a party, as administrator of Derraberry, which was demurred to, overruled, and the court adjudged that Graham, as such administrator, be made a party defendant to said judgment. A return of *nulla bona* having been made on the *fi. fa.* which issued on this last judgment, the plaintiff brought his action of debt on the administration bond against Graham, administrator, and the sureties to his bond. Under the facts above stated, the court below held that the sureties were not bound, and gave judgment in their favor, and this ruling is excepted to, and error is now here assigned thereon.*

---

* The court charged that the sustaining of the demurrer, in 1873, was conclusive in favor of the sureties, and a verdict was rendered in their favor.

The judgment rendered against Graham in 1879, by which he was made a party defendant as administrator of Derraberry, deceased, bound him absolutely, and is *prima facie* good against his sureties, but not conclusive against them. They were no parties to that proceeding, and when sued on the bond, they had the right to show, if they could, that the judgment should not have been rendered against their principal, and such have been the continuous and uninterrupted rulings of this court. 1 Kelly, 357; 16 *Ga.*, 581; 38 *Ib.*, 560. See also 117 Mass., 222.

The sureties to an administrator's bond only bind themselves for the faithful discharge of the duties of the administrator, as required by law. Code, §2505. They do not bind themselves that the administrator shall pay a claim which has been adjudicated by a court of competent jurisdiction to have no existence against the estate represented by the administrator. To pay such a claim by the administrator is not required by law, and hence is no part of the obligation of the surety. .

The judgment rendered in 1873 between the plaintiffs and Graham, which declared the judgment barred by the statute of limitations, is binding between the parties until reversed or set aside, and not having been so reversed or set aside, this judgment is not a debt which the law required the administrator to pay, and the sureties being only bound for the faithful discharge of his duties by the administrator according to law, are not liable for the non-payment of this debt, thus declared barred by the court, by the administrator. So the judgment of the court below must be affirmed.

Judgment affirmed.