NANCE *v.* THE WINSHIP MACHINE COMPANY.

1. In Georgia a general guarantor for value, who guarantees payment of a promissory note at maturity, is not discharged by mere failure of the creditor to bring suit; or to proceed against the maker of the note, although the maker becomes insolvent or some obstacle, such as sale and removal of personalty, arises to the effective enforcement of a collateral security held by the creditor, the creditor himself taking no part in producing the insolvency or in creating the obstacle, and the guarantor having given no notice to sue or to proceed otherwise. And the guarantor is subject to suit, although no suit has been brought against the maker.

2. Such a guarantor is not discharged by reason of the creditor bringing an action of trover against a third person to recover property which the maker of the note had sold to that person, this property being the consideration for which the note was given and the title to which the creditor retained as security for payment. Had the creditor succeeded in this action, the result would have been beneficial to the guarantor as well as to himself. The suit was consistent with the contract of conditional sale and with the contract to pay embraced in the note, inasmuch as such actions are in this State one mode of enforcing payment in cases of conditional sales.

3. A plea of settlement, without setting out either the terms of the settlement or its agreed result as to release, discharge, satisfaction or extinguishment of the liability sought to be enforced by the action, sets forth no defence.

4. A guarantor who binds himself for the payment of a promissory note given for the price of personal property sold by the payee to the maker of the note, with a reservation of title, is discharged by failure of the payee to have the contract of conditional sale (which was in writing) duly recorded, the maker of the note having subsequently, and whilst the instrument was unrecorded, sold the property to a *bona fide* purchaser for value, whereby it became lost to the payee and incidentally to the guarantor as security for the debt.          *Judgment reversed in part, and in part affirmed.*

July 23, 1894.

Action on notes.  Before Judge McWHORTER.  Hart superior court.  September term, 1893.

The suit was against Nance as guarantor on three promissory notes, dated September 7, 1885, and due December 20, 1885, October 20, and December 20, 1886. The declaration alleges that Smith, the maker of the notes, is insolvent and a non-resident of the State. Each of the notes stipulates that the title to a gin, feeder, condenser and press, for which it is given, shall remain in the plaintiff until this note is paid in full.  On each is the following, signed by defendant: " For value received we guarantee the payment of this note, and waive protest and notice of protest." Defendant's special pleas were stricken on motion, and he excepted. These pleas are, in brief, as follows :

1. Defendant is released from liability; for that plaintiff retained the title to the machinery described, and by negligence and delay in prosecuting suit on the notes against the maker, the machinery was lost as security, the same having been sufficient to have paid said debt. Smith was solvent and amply able to pay the notes when they matured, and by reasonable diligence on the part of plaintiff the money could have been made; but by negligent delay to prosecute suit for several years after the notes matured, Smith was allowed to sell out all of his property and leave the country.  Plaintiff has never sued or exhausted the maker, and has no right of action against this defendant till then.  Plaintiff did not notify this defendant or call on him to settle the notes within a reasonable time after default of payment on the part of the maker.

2. Plaintiff elected to rescind the trade under which the machinery was sold and the notes taken, by bringing an action of trover in Madison superior court against T. J. Hunt who was at the time, in possession of the machinery, and on the trial a verdict was rendered

against plaintiff. The trover suit was an election of legal remedies by plaintiff, which bound him to that remedy alone, and released defendant from any liability.

3. On or about the —— day of December, 1885, defendant and plaintiff had a full and final settlement of all matters and things between them, which settlement included defendant's liability on said notes sued on. After said settlement, defendant relying on it took no steps to protect himself out of Smith, as he might other-wise have done, and had no intimation that plaintiff claimed that he was still bound on the notes, until this suit was filed.

4. To protect their lien it was necessary to have the notes recorded as a mortgage, which plaintiff failed to do, which failure exposed defendant to greater liability and increased his risk. In consequence of this failure, plaintiff's lien on the property was lost, the same was sold to a *bona fide* purchaser, and could not be held bound for the payment of said debt; whereby defendant was injured, and was discharged from all liability to pay the notes.

A. G. McCURRY and P. P. PROFFITT, for plaintiff in error.