## PENN TOBACCO COMPANY *v.* LEMAN & COMPANY.

1. A waiver of process cures the absence of process or the irregularity of the same.
2. Original undertakers by written order for merchandise, who have failed to pay for the same at maturity, are not necessary parties to an action brought against a person on a contract in which he undertook to pay for the goods in the event the parties to whom credit was extended failed or refused to do so. Nor in such a suit is the solvency or insolvency of the original undertakers material.
3. When the terms of such a contract are in writing and are set forth in the petition, as well as the material portions of the order the payment of which is guaranteed, it is not necessary to attach as exhibits to the petition either the contract or the order for the goods.
4. When a suit was brought on such a contract as that above indicated, and the petition alleged that the defendants signed the order for the goods, which was the foundation of the contract sued on, it was not necessary to allege that an invoice of the goods was sent to the defendants.
5. A petition alleging that the letters " O. K." written on an order for goods, and followed by the signature of the person writing them, constituted a contract on the part of such person to pay for the goods in the event the person sending the order failed and refused to pay at maturity, set forth a cause of action. These letters being ambiguous, their meaning may be explained by parol evidence.

Argued November 9, — Decided December 7, 1899.

Complaint.    Before Judge Smith.    Pulaski superior court.
February term, 1899.

*W. L. Grice & Sons* and *L. L. Brown,* for plaintiff.
*J. H. Martin,* for defendants.

COBB, J.    The plaintiff sued the defendants, alleging in its
petition that on the 30th day of September, 1897, petitioner re-
ceived from George D. Mashburn & Company, merchants of
Hawkinsville, Georgia, a written order for 20 boxes of tobacco
to be sent to them, the price of which was $204.08; that, before
the order was accepted and the goods shipped, the defendants
guaranteed to petitioner the payment at maturity of the bill for
the tobacco so ordered; that "upon this guarantee of said [de-
fendants] said tobacco was by your petitioner forwarded to and
received by said Mashburn & Co.;" that the guaranty was based
upon a valuable consideration, that is, the promise of petitioner
to allow the defendants two cents per pound on the order in
question, as well as on all other orders for tobacco so guaran-
teed, and that petitioner has actually allowed the defendants a
credit on their account of two cents per pound on the bill
shipped to Mashburn & Company, which they knew was allowed
them in consideration of the guaranty above referred to; that
the guaranty referred to was both oral and in writing, the writ-
ten part being expressed by the letters "O. K.," followed by the
signature of the defendants upon the order above referred to;
that the agreed meaning of the letters with the signature of
the defendants was that they thereby became responsible for the
order in case Mashburn & Company failed to pay the same at
maturity; that the bill and order referred to is now past due,
and both Mashburn & Company and the defendants have failed
and refused to pay the same.    The defendants demurred to the
petition, upon the following grounds:    (1) No cause of action
is set forth.    (2) There is no process against the defendants as
a firm, the capacity in which they are sued.    (3) Mashburn &
Company should have been made parties defendant to the pe-
tition.    (4) "The alleged guarantee contract in writing and the
account guaranteed should have been attached to the suit now
sued upon."    (5) There is no allegation that any invoice was

ever sent to defendants, or that the tobacco was shipped through the defendants, or that the tobacco was shipped on the strength of the guarantee. (6) It is not alleged that Mashburn & Company are insolvent, or any cause shown why they have not been sued or the money made out of them. The demurrer was sustained, and the plaintiff excepted.

1. As the record discloses that there was an acknowledgment of service and a waiver of process, signed by the attorney for the defendants, it was not necessary that any process should be issued; and therefore there was no merit in the objection that the process actually issued by the clerk was irregular.

2. The defendants were to be liable to the plaintiff upon the failure of Mashburn & Company to pay the bill at maturity. Upon the happening of this, the only condition provided for in the contract, the plaintiff had a right to bring suit against the defendants for the amount due under the contract, and it was not necessary to make Mashburn & Company parties to the suit. The defendants guaranteed not that Mashburn & Company could pay at maturity, but that they would pay; and hence their solvency or insolvency was immaterial. The rule requiring that the principal debtor should be sued to insolvency or shown to be insolvent, before the guarantor can be held liable, does not apply to an undertaking of the character involved in the present case.

3, 4. As the petition set forth in effect the contract relied upon and also the account guaranteed, it was not necessary to attach as an exhibit to the petition a bill of particulars of the account nor a copy of the order with the letters "O. K." and signature thereon, which were alleged to constitute the contract. As it was alleged that the defendants had signed the order for the goods which were shipped to Mashburn & Company and entered upon such order the letters which it was agreed between the parties meant that payment of the account at maturity would be made by the defendants in case Mashburn & Company failed to pay the same, it was unnecessary to allege in the petition that an invoice of the goods was sent to the defendants. It was expressly alleged that the tobacco embraced in the order was shipped to Mashburn & Company and shipped

on the faith of the contract entered into by the defendants. There was no merit in the fourth and fifth grounds of the demurrer.

5. The contract relied on by the plaintiff, evidenced by the letters "O. K." and the signature of the defendants, was ambiguous, and therefore parol evidence will be heard to explain the patent ambiguity appearing upon the paper. If the parties agreed among themselves, as alleged, that this signature and these letters should have a definite meaning as between themselves, then the signature and the letters so entered upon the order would constitute a contract between them, and the defendants would be liable to the plaintiff if the contract thus entered into was of the character alleged in the declaration. Civil Code, § 5202; *Foley* v. *Abbott*, 66 *Ga.* 115. The petition set forth in substance a cause of action, and was not subject to special demurrer on any of the grounds set forth in the demurrer filed thereto. It was error, therefore, to dismiss the action.

*Judgment reversed. All the Justices concurring.*