## 8294.   EMANUEL COUNTY v. BRINSON.

BLOODWORTH, J.   No error was committed by the presiding judge in his
rulings on the demurrers.  The defendant introduced no evidence.  The
evidence for the plaintiff demanded a finding in his favor, and the
court properly directed a verdict for plaintiff.

*Judgment affirmed.   Broyles, P. J., and Jenkins, J., concur.*
DECIDED SEPTEMBER 19, 1917.

Complaint (account for services of tax assessor) ; from Emanuel
superior court—Judge Hardeman.  July term, 1916.

*T. N. Brown,* for plaintiff in error.

*Williams & Bradley,* contra.

---

## 8318.  WALKER & TAYLOR v. SHANNON.

JENKINS, J.   1.   A judgment against an administrator, in an action on
an alleged debt of his intestate, when the defendant has failed to plead
a want of assets, is conclusive as to the question of a sufficiency of
assets to pay the debt.  As to a surety upon the administrator's bond,
however, the judgment is not conclusive upon such question, but is
*prima facie evidence only; and when sued upon the bond the surety*
may plead and prove a deficiency of assets in the hands of his principal
liable to the payment of the debt.  *Gibson* v. *Robinson,* 90 *Ga.* 756 (16
S. E. 969, 35 Am. St. R. 250) ; *Whiddon* v. *Williams,* 98 *Ga.* 310 (24
S. E. 437).

2. Thus, in a suit against the sureties on the bond of an administrator,
prima facie proof of a devastavit may be made by introducing in evi-
dence the judgment against the administrator, and showing by proper
entries upon the execution issued thereon that there is no property
upon which to levy.  *Worthy* v. *Battle,* 125 *Ga.* 415 (54 S. E. 667).

3. But where the judgment which is the foundation of the suit appears to
have been obtained, not against the administrator, but against the
decedent in his lifetime, against whom execution had issued, and where
it appears that the first notice received by the administrator as to the
claim was more than two years after his qualification as such, and
nothing is shown to indicate that the funds coming into his hands
were not disbursed according to law, or that waste was committed, it
was not error for the trial judge to grant a nonsuit.

*Judgment affirmed.   Broyles, P. J., and Bloodworth, J., concur.*
DECIDED SEPTEMBER 19, 1917.

Action upon bond ; from city court of Reidsville—Judge Collins.
December 6, 1916.

*H. C. Beasley,* for plaintiffs.