*R. M. W. Glenn,* for defendant.

---

## 10671.  CALVITT *v.* MAYOR & ALDERMEN OF SAVANNAH.

1. A driver operating a jitney-bus under a license granted by the City of Savannah, in accordance with the terms of an ordinance regulating the operation of all such vehicles, is not a public officer in contemplation of law, and in a suit against such a driver by a person claiming to have been injured by his negligence in the operation of a jitney-bus, the surety on the bond of the jitney driver was not a proper party to the proceeding, and the court did not err in dismissing the case as to the surety.
2. Where suit was brought against such a surety after judgment had been obtained against his principal, the judgment against the principal was not conclusive as to the liability of the surety, but was only prima facie evidence thereof; and the surety could set up any legal defense showing want of liability on the part of his principal.

DECIDED NOVEMBER 19, 1919.

Action on bond; from city court of Savannah—Judge Freeman. June 7, 1919.

*Robert L. Colding,* for plaintiff in error.

*F. P. McIntire, Morris H. Bernstein,* contra.

SMITH, J.   F. W. Donnelly, as principal, and W. P. Calvitt, as surety, gave a bond commonly called a jitney-bus bond, to the mayor and aldermen of the city of Savannah, conditioned that "in the event of any person or property being injured or damaged by the operation of any such vehicle for which the owner may be liable under the laws of Georgia, the person so injured in his person or property shall have a right of action under this bond," etc.   This bond was given in accordance with a city ordinance requiring all jitney drivers to make such a bond.   Mrs. Mary J. Cullum was injured by a jitney-bus which was operated by Donnelly, and she brought suit against him as principal and Calvitt as surety on his bond.   The surety demurred to the suit, upon the ground that there was a misjoinder of causes of action, because the suit was one sounding both in tort and contract.   The court sustained the demurrer and dismissed the case as to the surety. The case then proceeded to trial against the principal, and neither he nor his counsel were in court when the case was called, and a verdict and judgment was obtained against him for $1,000.   The mayor and aldermen of the city of Savannah, for the use of Mrs. Mary J. Cullum, then brought the present suit, seeking to hold Calvitt responsible as surety on the bond.   The plaintiff introduced in evidence the record in the case of Mrs. Cullum against Donnelly, together with the verdict and judgment in that case. The plaintiff also introduced in evidence the bond, and then rested. The defendant offered evidence to show that Donnelly was not to blame for the injury to Mrs. Cullum, contending that if this were true the plaintiff was not entitled to recover against him as surety.   The court held-that the judgment against Donnelly was conclusive as against Calvitt, the surety, both as to the question of injuries sustained and the amount of the damages, and ruled out all the evidence of the defendant.   This ruling is complained of as error and raises the only question for adjudication in the case.

The court erred in ruling out the testimony offered by the defendant.   A casual reading of the bond shows that the surety thereon never obligated himself to pay *any judgment* that might be obtained against the principal named therein, its language being: "This bond is conditioned to the effect that in the event of any

person or property being injured or damaged by the operation of any such vehicle, from which the owner may become liable under the laws of Georgia, the person so injured in his person or property shall have a right of action under this bond." The action in the present case is not one to enforce the obligations of the bond as against both the principal and the surety, but is against the surety alone, seeking to hold him liable for the verdict obtained against the principal on a previous trial. The petition in the case under consideration set forth facts showing that the plaintiff was injured, the manner of her injury, and all attending circumstances. While the record in the former suit is conclusive as to the principal, it is only prima facie evidence of the surety's liability, since the surety was not a party to the former proceeding, his name having been properly stricken on demurrer. This being true, the surety, who is the defendant in the present suit, had the right to show by competent proof that the principal was not responsible for the injuries sustained by the plaintiff. The principle here laid down was definitely decided in the case of *Walker* v. *Taylor*, 21 *Ga. App.* 39 (93 S. E. 498), where it was said: "A judgment against an administrator, in an action on an alleged debt of his intestate, when the defendant has failed to plead a want of assets, is conclusive as to the question of a sufficiency of assets to pay the debt. As to a surety upon the administrator's bond, however, the judgment is not conclusive upon such question, but is prima facie evidence only; and when sued upon the bond the surety may plead and prove a deficiency of assets in the hands of his principal liable to the payment of the debt." See also *Gibson* v. *Robinson*, 90 *Ga.* 756 (16 S. E. 969, 35 Am. St. R. 250); *Whiddon* v. *Williams*, 98 *Ga.* 310 (24 S. E. 437). Clearly, therefore, a person who is not a party to a proceeding is not judicially concluded by a verdict and judgment rendered therein.

There is a manifest difference in holding a surety liable on an attachment bond, a dispossessory warrant bond, or trover bond, or other numerous statutory bonds, because in all such proceedings the bond is conditioned to pay the judgment in a given action. This is not so in a jitney-bus bond like the one under consideration.

The surety was therefore entitled to submit proof to rebut the prima facie case made against him.

*Judgment reversed.  Jenkins, P. J., and Stephens, J., concur.*