*G. H. Cornwell, W. C. Munday,* contra.

---

### 17031.　TRANSYLVANIA CASUALTY INSURANCE Co. v. CITY OF ATLANTA, for use, etc.

JENKINS, P. J.　In conformity with the provisions and requirements of an ordinance adopted by the governing authorities of the City of Atlanta, the defendant company executed an indemnity policy naming one Ross and the City of Atlanta as the assured, and specifically providing that suit might be brought thereon in the name of the city for the use of any person whose person or property was injured by the operation of the jitney-bus of Ross. In the instant case the petition against the indemnity company by the City of Atlanta, for the use of Ruby Davis, avers, that while the policy was of force, Ruby Davis was injured and damaged

by Ross when he was operating the jitney-bus, and that she instituted suit in the city court of Atlanta against Ross and recovered a judgment thereon in a named sum. To the petition is attached a copy of that suit, together with the verdict and judgment entered thereon. The petition further alleges that Ross is insolvent, and asks judgment under the terms of the indemnity policy to the extent of the judgment against him within the limits provided by the policy. To this petition the defendant demurred upon the grounds that the making of the contract referred to between the City of Atlanta and the defendant for the benefit of third persons was beyond the scope of the city's corporate powers, and the contract void; that the judgment set forth in the petition as having been recovered by Ruby Davis against Ross was not binding upon the defendant insurance company, for the reason that the latter was not a party to said cause; that there were no facts set forth in the petition to show liability on the part of the defendant to the plaintiff or the plaintiff's usee on account of the accident, and that in any event only a court of equity had jurisdiction to entertain such an action. The court sustained the contention of the defendant to the effect that the previous judgment referred to was not conclusively binding upon it, but did not strike the averments setting forth the proceedings in that cause, together with the judgment rendered therein, and allowed the petition to stand. The defendant excepts to the action of the court in refusing to dismiss the petition. *Held:*

1. While a municipality is limited to the exercise of such powers as are expressly conferred by statute, or as may be implied as necessarily incident thereto, still, in the exercise of such implied powers, it has the right to adopt all ordinary or usual means which may be necessary to their full execution. The regulation and control of jitney-bus traffic coming clearly within the powers of the municipality, the ordinance requiring the operators of such busses to furnish to the city a bond for the protection of persons who might be injured in the conduct of such business was the exercise of an ordinary and necessary means of regulating such traffic, and the right of the city to sue upon a valid obligation, according to its express terms and provisions, follows as a necessary consequence. See *Hazelton* v. *Atlanta,* 144 *Ga.* 775 (87 S. E. 1043).

2. The court correctly held that the previous judgment rendered in favor of the usee against the operator of the jitney-bus was not conclusive upon the indemnity company, for the reason that the latter was not a party to that proceeding. The defendant, by virtue of its indemnity bond, occupying the status of a surety, became prima facie bound by the judgment in that proceeding, with the right on its part, in the instant action, to disprove its liability by showing that the defendant in the former case was not in fact liable. *Calvitt* v. *Savannah,* 24 *Ga. App.* 481 (101 S. E. 129) ; *Walker* v. *Shannon,* 21 *Ga. App.* 39 (93 S. E. 498) ; *Bradwell* v. *Spencer,* 16 *Ga.* 578; *Bennett* v. *Graham,* 71 *Ga.* 211; *Gibson* v. *Robinson,* 90 *Ga.* 756 (2) (16 S. E. 969, 35 Am. St. R. 250).

3. The suit being an action on an indemnity bond to which the plaintiff was a party, a court of law was not without jurisdiction.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 14, 1926.

Complaint; from city court of Atlanta—Judge Reid. November 11, 1925.

*Key, McClelland & McClelland,* for plaintiff in error.

*Thomas J. Lewis,* contra.