26531. SPRINGER v. CITY INVESTMENT COMPANY.

DECIDED FEBRUARY 24, 1938. REHEARING DENIED MARCH 29, 1938.

*C. E. Kay,* for plaintiff in error. *Ezra E. Phillips,* contra. *Noah J. Slone,* for persons at interest, not parties.

STEPHENS, P. J. 1. In a contract of guaranty for the payment of a debt due by the principal debtor by which interest at the rate of 3-1/2 per cent. per month is charged, which is governed by the provisions of the small-loan act of 1920 as amended (Ga. L. 1920, p. 215, Code, § 25-313), and by which the guarantor agrees that "if at any time the said applicant [meaning the principal debtor] shall fail to pay any amount agreed to be paid on said loan, either principal or interest at the time stipulated to be paid, . . or if said applicant should die before said loan is repaid, we or either of us will . . pay you or the holder of said note in cash the amount of unpaid principal, with interest thereon at the rate of 8 per cent. per annum from the date of the last interest payment made by said applicant," plus the accrued court costs in a suit against the applicant, and that "the amount of unpaid principal is to be determined by charging the applicant interest at 3-1/2 per cent. per month and crediting all payments received from the applicant first to payment of interest and only the balance of such payments being applied against principal," the payments made by the applicant are to be applied to interest which has accrued against him at the time each payment is made, and the remainder of the payment is to be applied to the principal. The guarantor is not obligated by these provisions of the contract to pay compound interest, or to pay any charge other than that authorized under the small-loan act, namely payment of principal and interest not in excess of 3-1/2 per cent. a month and the recording fee. The obligation of the guarantor to pay the court costs which may accrue in a suit against the applicant is not an obligation to pay a charge not authorized under the small-loan act. *Hartsfield Co.* v. *Shoaf,* 184 *Ga.* 378 (191 S. E. 693).

2. In a suit by the lender against the guarantor to recover

upon the guarantor's contract of guaranty, the petition set out a cause of action, and was good against a demurrer on the ground that it appeared from the contract of guaranty sued on that the guarantor was obligated to the payment of charges not authorized by the small-loan act. The demurrer was properly overruled, and the superior court did not err in overruling the defendant's certiorari. *Judgment affirmed. Sutton and Felton, JJ., concur.*