45985.　DANIEL et al. v. 1949 CORPORATION.

PANNELL, Judge. Officers and stockholders of a corporation, as individuals, guaranteed the performance by the corporation of a contract of rental of a portion of a building, the contract of guaranty being a part of the contract of rental, and the individuals signed the contract as guarantors. The individuals when sued on their guaranty, upon default by the corporation in payment of rentals, set up as a defense that when so signing they relied upon representations made by the landlord as to future actions by the landlord made to induce them to guarantee the contract of rental which the landlord at the time had no intention of performing. These representations were (a) that at any time the entire building would be made available to them, and (b) that any other contract of rental with any other tenant of the building would be at a rental per square foot not less than the rental per square foot of the tenant corporation. Upon

motion for summary judgment by the plaintiff, the amounts of rental owed and the execution of the contract were proven without dispute. There was a dispute relating to the matters alleged in the defense. The trial judge granted the summary judgment. The defendants appealed to this court. *Held:*

1. The alleged defense, even if proven without dispute, was legally insufficient to prevent a recovery by the plaintiff upon the contract of guaranty. See *Self v. American Nat. Ins. Co.,* 51 Ga. App. 251 (180 SE 21); *Stephens v. Milikin,* 35 Ga. App. 287 (2) (133 SE 67); *Thigpen v. Harbison-Walker Refractories Co.,* 55 Ga. App. 397 (190 SE 378); *Snow's Laundry &c. Co. v. Ga. Power Co.,* 61 Ga. App. 402 (3) (6 SE2d 159); *Monroe v. Goldberg,* 80 Ga. App. 770, 775 (57 SE2d 448); *Cosby v. Asher,* 74 Ga. App. 884, 887 (41 SE2d 793); *Strickland v. Levy's of Savannah,* 112 Ga. App. 665 (145 SE2d 831).

Especially is this true where it appears that representation (a) above was in conflict with the very terms of the contract of rental itself which states that a building was to be built "for the use and occupancy of tenant and of landlord and/or other tenants of landlord's selection" and other similar language in the contract indicating that other tenants were to occupy the building, as well as in conflict with representation (b). See in this connection *Norris v. Hart,* 74 Ga. App. 444, 445 (40 SE2d 96); *Millender v. Looper,* 82 Ga. App. 563, 569 (61 SE2d 573); *Martin v. North Ga. Lumber Co.,* 72 Ga. App. 778, 782 (35 SE2d 270); *Budget Charge Accounts v. Peters,* 213 Ga. 17 (96 SE2d 887); *American Service Co. v. Berry,* 108 Ga. App. 413 (1a) (133 SE2d 433).

Further, in relation to representation (b), where the contract of rental granted to the tenant corporation an option to purchase the property rented "subject to the rights of any tenant or tenants in possession," the fact that leases to other tenants were in violation of representation (b) not to rent to any other tenants at less than the rental charged the tenant corporation, which acts of the landlord decreased the value of the option granted the tenant corporation, did not give the individual guarantors the right to rescission of the contract of guaranty as to liability for rent or, in lieu thereof, damages, for its breach,

where there was no attempt on the part of the tenant corporation to exercise said option and no refusal on the part of the landlord to comply therewith. Accordingly, the trial court did not err in granting the motion for summary judgment for the accrued rentals including those which accrued after the suit was filed and covered by an amendment to the complaint and attorney's fees on those rentals which are covered by the original complaint.

2. However, the trial court erred in granting summary judgment for the attorney's fees on the rentals covered by the amendment to the complaint as the notice of attorney's fees served upon the defendants was limited to rentals then in default. The judgment of the trial court, however, is affirmed with direction that the additional attorney's fees be written off by the complainant; otherwise, the judgment shall stand reversed.

*Judgment affirmed with direction. Bell, C. J., and Deen, J., concur.*
ARGUED MARCH 1, 1971—DECIDED APRIL 28, 1971.

*Sell, Comer & Popper, Joseph W. Popper, Jr.,* for appellants.
*Jones, Cork, Miller & Benton, Carr G. Dodson, Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellee.