46390.   ESCAMBIA CHEMICAL CORPORATION
v. ROCKER et al.

Submitted June 30, 1971—Decided September 10, 1971.

McLane & Dover, H. Arthur McLane, for appellant.

Smith & Harrington, Will Ed Smith, for appellees.

EBERHARDT, Judge. ■ There is no appeal or cross appeal from the denial of J. F. Hattaway's motion to vacate and set aside the default judgment against Rocker and Hattaway Gin & Warehouse, Inc. In addition, J. F. Hattaway's motions and arguments in regard to an irregularity in the summons have not been brought before us for decision. Consequently, we do not consider questions pertaining to these matters.

■ The issue raised by this appeal is whether a guarantor can question the liability or the amount thereof of the principal debtor to the creditor where those matters have been established by a judgment against the debtor in the creditor's favor. The general law is in conflict. "If the guarantor had notice of the action brought by the creditor against the principal debtor, and had an opportunity to be heard, the guarantor is precluded from questioning the debtor's liability. Where the guarantor did not have an opportunity to be heard in the action between the creditor and the debtor, the cases are in conflict as to the measure of liability. Although the general rule is stated to be that the judgment—if it is not a default judgment or one rendered by consent of the debtor— creates a rebuttable presumption of the debtor's liability to the guarantor, there is authority that such a judgment is binding on the guarantor. Some jurisdictions reach just the opposite conclusion and hold that the judgment is not even admissible in evidence as against the guarantor. Where the judgment is entered by consent, however, courts agree that the judgment is not binding on the guarantor as to the question of the debtor's liability but is admissible as prima facie evidence only. Where the judgment against the debtor was entered by default, the general rules applicable to litigated cases have been applied by some courts—especially when the jurisdiction does not hold the guarantor conclusively bound in litigated cases." 38 AmJur2d 1083, Guaranty, § 77.

The issue appears to be the same whether the contract be called one of guaranty or of suretyship. "There is no distinction to be made between the liability of one properly denominated a surety and one properly denominated a guarantor where the material question is the conclusive effect of a judgment against a principal debtor." Empire Steel Corp. v. Omni Steel Corp., 378 SW2d 905, 911 (Tex. Civ. App.). As in cases involving guarantors, the authorities are in conflict as to whether a judgment against a principal is, as against his surety, conclusive, or prima facie evidence, or not admissible in evidence at all, to show the existence and amount of the debt. See 50 AmJur 1036, Suretyship, § 200 et seq; Simpson on Suretyship, p. 261, § 51. The same confusion abounds with respect to the conclusiveness and effect, upon the surety, of a default or consent judgment against the principal. Annot., 59 ALR2d

752. It has been suggested that the confusion in the law seems to have been largely due to a misunderstanding or misapplication of rules of the civil law, where the surety was notified of the action against the principal and permitted to defend. 10 Williston on Contracts (3d Ed. 1967) p. 816, § 1256 and cases cited, p. 818, n. 6, See *Brown v. Chaney*, 1 Ga. 410; *Napier v. Neal*, 3 Ga. 298.

At any rate it has been stated that the more prevalent view is that such a judgment proves prima facie that the creditor has a claim against the principal for the amount of the judgment. Simpson on Suretyship p. 261, § 51. This is the view taken in Restatement, which provides: "Where, in an action by a creditor against a principal, judgment is given, other than by default or confession, in favor of the creditor, and the creditor subsequently brings an action against the surety, proof of the judgment in favor of the creditor creates a rebuttable presumption of the principal's liability to the creditor." Restatement, Security, p. 372, § 139 (2). Comment under this subsection, sets forth the rationale of the rule: "c. The rule stated in this subsection expresses a middle ground between the possible rule that a judgment against the principal is conclusive of the principal's liability, even in an action against the surety, and that such a judgment is evidence only of the fact of its rendition. It is inequitable to bind the surety conclusively by a judgment to which he is not a party. On the other hand, it is not unfair to make a rebuttable presumption of the regularity of the judicial proceedings antecedent to the judgment and of the correctness of the judgment as evidence of the principal's liability. Under the rule stated in Subsection (2), it is open to the surety to prove if he can that judgment should have been rendered for the principal. What must be adduced by the surety to overcome the rebuttable presumption is a matter to be determined by the law of evidence. The result of the rule stated in Subsection (2) is that is cases where the surety cannot rebut the presumption of the judgment against the principal and where the surety has no other defense, time and expense are saved to courts and litigants by the avoidance of unnecessary duplication of trials on identical issues of fact."

Prior to *Blayton v. General Tire &c. Co.*, 119 Ga. App. 212 (166 SE2d 648), both the holdings of the Supreme Court and of this

court were in accordance with the "prevalent" or Restatement view. But in the *Blayton* case we held: "Where the pleadings and exhibits in this action on an alleged contract of guaranty show (1) that the defendant guarantor admitted the execution of the contract, (2) that the contract was based upon sufficient consideration (see *Woods v. Universal C. I. T. Credit Corp.,* 110 Ga. App. 394, 397 (138 SE2d 593), and cit.), and (3) that the present action was brought after the plaintiff creditor had obtained a judgment and return of nulla bona against the principal, the defendant is liable as a matter of law on said contract whether it be construed as one of guaranty or suretyship." The *Blayton* case is thus a holding that in guaranty and suretyship cases the judgment against the principal debtor is conclusive against the guarantor or surety in regard to the debtor's liability to the creditor.[1] It must be overruled, for since the first volume of our Supreme Court reports, it

---

[1] The question, we note, was not raised by the record nor argued in the briefs. The language of the guaranty there was substantially the same as in the contract here, but inadvertently we may have analogized the guaranty contract involved there to procedural or eventual condemnation-money bonds, as in cases of attachment, bail trover, distress and dispossessory warrant proceedings, etc. See, e.g., *Code Ann.* § 81A-165 (c); *Jackson v. Guilmartin & Co.,* 61 Ga. 544; *Price v. Carlton,* 121 Ga. 12 (48 SE 721); *Johnston v. Sheppard,* 22 Ga. App. 206 (95 SE 743); *Sargeant v. Starr,* 102 Ga. App. 453 (116 SE2d 633). The distinction lies in the fact that these bonds, and in some instances ordinary contracts of guaranty or suretyship, are conditioned to pay the judgment which makes the judgment conclusive in the absence of fraud, collusion, etc. See *Calvitt v. Mayor &c. of Savannah,* 24 Ga. App 481 (101 SE 129); 10 Williston on Contracts (3d Ed. 1967, p. 816, § 1256) Simpson on Suretyship, p. 261, § 51. Of course the parties are free to contract as they will, and if it is provided that payment of a judgment obtained against the debtor by the creditor is guaranteed, or is specified that the judgment shall be conclusive of the liability of the guarantor, the contract will be given effect as written. 50 AmJur 1038, Suretyship, § 201. Cf. *Hartsfield Co. v. Shoaf,* 184 Ga. 378 (191 SE 693).

has been the rule that a person liable as a surety is not conclusively bound by a judgment against his principal, the judgment being only prima facie evidence of the principal's liability to the creditor. In *Bryant v. Owen,* 1 Ga. 355, a suit against a surety on a guardian's bond, the Supreme Court held that "A decree against the guardian is only prima facie evidence of a devastavit, as against the security, not conclusive. It is subject to be rebutted by counter-testimony in behalf of the security, who will be permitted to inquire, ab origine, into the justice of the decree." The rule has been consistently adhered to with respect to sureties on guardian's bonds (*Bradwell v. Spencer,* 16 Ga. 578 (2); *Fidelity & Deposit Co. of Maryland v. M. Rich & Bros.,* 122 Ga. 506 (2) (50 SE 338)), on administrator's bonds (*Bennett v. Graham,* 71 Ga. 211 (1); *Gibson v. Robinson,* 90 Ga. 756 (2) (16 SE 969, 35 ASR 250); *Bird v. Mitchell,* 101 Ga. 46 (1, 2) (28 SE 674); *Walker & Taylor v. Shannon,* 21 Ga. App. 39 (1) (93 SE 498); *Bishop v. Pinson,* 33 Ga. App. 269 (3) (125 SE 880); *Davis v. Melton,* 46 Ga. App. 639 (4) (168 SE 320)), on trustee's bonds (*Haddock v. Perham,* 70 Ga. 572 (3)), and on "jitney-bus" bonds (*Calvitt v. Mayor &c. of Savannah,* 24 Ga. App. 481 (2), supra; *Transylvania Cas. Ins. Co. v. City of Atlanta,* 35 Ga. App. 681 (2) (134 SE 632)). See also *Dunagan v. Dunagan,* 38 Ga. 554, 561; *Worthy v. Battle,* 125 Ga. 415 (2) (54 SE 667); *Johnson v. Huggins,* 7 Ga. App. 553 (67 SE 217).

While the surety may introduce evidence seeking to meet his burden of rebutting the prima facie case against him, as, for example, by showing that a "jitney-bus" operator, the principal under a "jitney-bus" bond was not in fact liable for damages assessed against him by a prior judgment (*Transylvania Cas. Ins. Co. v. City of Atlanta,* 35 Ga. App. 681 (2), supra), or by negativing the liability of an administrator, against whom judgment had been rendered, by showing payment, setoff, etc. (*Bird v. Mitchell,* 101 Ga. 46, 53, supra), if the surety fails to carry his burden of introducing evidence sufficient to rebut the correctness of the judgment against the principal, a directed verdict against the surety for the amount of the judgment is demanded. *Bishop v. Pinson,* 33 Ga. App. 269 (3), supra.

Under the Civil Practice Act the same rule applies to default judgments against the principal debtor as in litigated cases, for if

the debtor is in default the creditor is entitled to verdict and judgment "as if every item and paragraph of the petition were supported by proper evidence . . ." CPA § 55 (a) (*Code Ann.* § 81A-155 (a)).[2] For this reason and to this extent the view of Restatement, Security, p. 372, § 139 (3), in regard to default judgments, cannot be approved in this jurisdiction, and default judgments against the debtor would hence fall within the rule set out in § 139 (2), previously quoted, and within the ambit of the cited cases.

This brings us to the disposition to be made of the pretrial order. That portion holding that the guarantor is not prejudiced by the default judgment "in any manner" must be reversed, for proper proof of the judgment upon the trial will establish prima facie the liability of the debtors to the creditor. The burden will then shift to the guarantor to rebut the correctness of the judgment. The portion holding that the default judgment is "not binding" on the guarantor is construed to mean that the judgment is not conclusive on the issue of the debtors' liability to plaintiff but is prima facie evidence thereof, and is affirmed. That portion of the order holding that the guarantor may challenge the debtor's liability or the amount thereof to plaintiff is affirmed with the qualifications that in doing so no defense may be interposed which would not have been available to the debtors if it had been timely presented, and that those defenses which are personal to the debtors may not, in any event, be raised, such as, for example, that the debt is barred by the statute of limitation, or that the debtor has been discharged in bankruptcy, or that the debtor is or was a minor when the debt was contracted, or where the debtor is a corporation that the contract under which the indebtedness arose was ultra vires, etc. The very nature and purpose of a guaranty contract proscribes the allowance of defenses which are personal to the debtor. Frequently, for example, the debtor's financial position

---

[2] A statement in *Gilham v. Stamm & Co.*, 117 Ga. App. 846, 847 (162 SE2d 248), made in reliance upon *Bayne v. Sun Finance Co.*, 114 Ga. App. 27 (5) (150 SE2d 311), which is not in accordance with CPA § 55 (a), must yield thereto. The portion of CPA § 55 (a) quoted above is applicable to actions upon open account by virtue of the last sentence of the section.

is not good, and the seller of goods or the lender of money is unwilling to take a chance on him and his credit alone, and thus a guaranty of the debt is required as a protection against loss through insolvency or bankruptcy. *Penn Tobacco Co. v. Leman & Co.*, 109 Ga. 428 (2) (34 SE 679); *Nance v. Winship Machine Co.*, 94 Ga. 649 (1) (21 SE 901); *Fouche v. Cherokee Nat. Bk.*, 18 Ga. App. 569 (90 SE 102). See generally 38 AmJur2d 1056, 1057, Guaranty, §§ 52, 53, 54; 10 Williston on Contracts (3rd Ed. 1967) p. 714, § 1214 et seq. And see *Daniel v. 1949 Corp.*, 123 Ga. App. 710 (182 SE2d 515).

"A contract of guaranty is primarily one to pay the debt of another, which may be due and payable by the principal debtor to the creditor, upon the default of the principal debtor," and if there is any ambiguity in it the contract is to be construed most strongly aginst the maker. *Hartsfield Co. v. Shoaf*, 184 Ga. 378, 380, supra. "[T]he courts will not be strict in the construction of such instrument (per Tindal, C. J. in Newberry v. Armstrong, 4 Bingham 201, 19 E.C.L.R. 55), but they are 'to be taken as strongly against the party giving the guarantee, as the sense of them will admit.' Mason v. Pritchard, 12 East. 227." *Hargroves v. Cooke*, 15 Ga. 321, 325. We see no problem of ambiguity here.

The record as it now stands consists of a skeleton complaint and general denial and since it does not appear that any prohibited defense is sought to be raised, this portion of the order is affirmed under the present state of the record.

*Judgment affirmed in part; reversed in part. Bell, C. J., Jordan, P. J., Hall, P. J., Pannell, Deen, Quillian and Evans, JJ., concur. Whitman, J., concurs specially.*

WHITMAN, Judge, concurring specially. I concur in the opinion in this case, affirming in part and reversing in part the judgment in the court below. I regard the instrument of guaranty, characterized as such, as a contract of suretyship. I do not regard the opinion as dealing with or ruling on any question of the right of defendant J. F. Hattaway to contend or plead specifically by way of defense any question as to the construction or coverage of the contract or that the contract, if there is such a contract, has relation only to the alleged indebtedness of defendant Edwin D. Rocker to plaintiff Escambia Chemical Corporation. The written

"Guaranty of Credit" appears thereby to have been executed "in order to induce it (plaintiff) to extend credit to or otherwise to become the creditor of Edwin D. Rocker, d/b/a J. F. Hattaway Company, a corporation," etc. The answer of Hattaway admitted jurisdiction but denied all other allegations of the complaint. The complaint alleged indebtedness by the defendants Rocker and Hattaway Gin & Warehouse, Inc., and that Hattaway was indebted to plaintiff by virtue of the contract of guaranty guaranteeing the debt of the other named defendants. The answer did not specifically raise any question as to the construction or coverage of the contract or that the contract, if there is such a contract, relates solely to an indebtnness of the defendant Rocker, this allegation appearing only in the motion to set aside and revise the default judgment against Rocker and Hattaway Gin & Warehouse, Inc. In the default judgment the lower court expressly reserved the question of the liability of Hattaway to be determined by further proceedings in the· case.